DENNIS K. BURKE
United States Attorney
District of Arizona
ERIC MARKOVICH
GORDON E. DAVENPORT, III
Assistant U.S. Attorneys
Evo A. DeConcini Federal Courthouse
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Eric.markovich@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 11-00791-TUC-DCB(HCE) |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Francisco J. Jimenez, Jr., | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

1. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with a felony violation of Title 18, United States Code, Section 371, Conspiracy to Commit Offenses Against the United States.

2. The elements of a violation of Title 18, United States Code, Section 371, Conspiracy to Commit Offenses Against the United States, are that the defendant:

   (a) knowingly and intentionally agreed with another person;

   (b) to commit offenses against the United States, that is:

   (i) knowingly and unlawfully steal, purloin, and knowingly convert to their own use, money and property belonging to the United States of America and

any department or agency thereof, whose aggregate value exceeded $1,000, in violation of Title 18, United States Code, Section 641;

(ii) knowingly and intentionally attempt to possess with the intent to distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1); and

(c) an overt act was committed in furtherance of the conspiracy

## TERMS

3. The defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

4. The maximum penalties for a violation of Title 18, United States Code, Section 371 are a fine of $250,000, a term of imprisonment of 5 years, or both, and a period of not more than three years of supervised release.

5. Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

6. Pursuant to 18 United States Code, Section 3013, the defendant shall pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Agreements Regarding Sentence

7. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), in exchange for defendant's guilty plea to Count One of the Indictment, the government agrees to dismiss the remaining counts of the indictment. There are no agreements as to sentencing.

Defendant also agrees to make full restitution to all victims identified by the U.S. Probation office.

8. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11, an opportunity to withdraw the guilty plea.

9. The defendant and the government agree that this agreement does <u>not</u> in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Wavier of Defenses and Appeal Rights</u>

10. The defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the Indictment or to the Court's entry of judgment against defendant and imposition of sentence upon defendant consistent with the agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment; (2) any right to appeal the imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the conviction and sentence under Title 28, United States Code, Section 2255.

<u>Reinstitution of Prosecution</u>

11. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

<u>Disclosure of Information to U.S. Probation Office</u>

12. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

  a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines;

  b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution;

  c. All history of drug abuse which would warrant a treatment condition as part of sentencing; and

  d. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### Effect on Forfeiture Proceedings

13. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Wavier of Rights

14. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

15. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

16. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

17. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guideline range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

18. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

19. I am satisfied that my defense attorney has represented me in a competent manner.

20. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> Defendant **Francisco J. Jimenez, Jr.** was employed as a Deputy Sheriff for the Pima County Sheriff's Office, and used his his position as a Deputy Sheriff, including wearing his uniform and driving his patrol car, to further the purpose of this conspiracy and commit the criminal offenses which were the objects of this conspiracy. Co-defendant Miguel Arvizu was a former Pima County Sheriff's Deputy.

It was part of the conspiracy that the defendant **Francisco J. Jimenez, Jr.** would use his position as a Pima County Deputy Sheriff to assist co-conspirators in the theft of purported drug proceeds (which were in fact government monies) and in the unlawful acquisition and distribution of controlled substances.

It was a further part of the conspiracy that co-defendant Miguel Arvizu would arrange for Pima County Sheriff's Deputies to assist co-conspirators in stealing purported drug proceeds (which were in fact government monies) and in the attempted unlawful acquisition and distribution of controlled substances.

On or about June 26, 2010, co-defendant, Miguel Arvizu arranged for defendant **Francisco J. Jimenez, Jr.** to perform a traffic stop on a vehicle which purportedly contained drug proceeds. On or about June 26, 2010, defendant **Francisco J. Jimenez, Jr.** performed a traffic stop on a vehicle which purportedly contained drug proceeds, searched this vehicle, and stole $4,000 from the glove compartment of the vehicle. The defendant believed that the $4,000 was drug proceeds, but it was in fact government money.

On or about June 26, 2010, defendant **Francisco J. Jimenez, Jr.** met with co-defendant Miguel Arvizu and gave him a portion of the $4,000 that defendant **Jimenez** had stolen from vehicle during the traffic stop earlier that day.

On or about October 8, 2010, in the District of Arizona, co-defendant, Miguel Arvizu arranged for defendant **Francisco J. Jimenez, Jr.** to perform a traffic stop on a vehicle which purportedly contained drug proceeds.

On or about October 8, 2010, defendant **Francisco J. Jimenez, Jr.** pulled his patrol car behind a vehicle parked at the Tucson Mall which purportedly contained drug proceeds, searched the vehicle, and stole $4,000 from the glove compartment of the vehicle. The defendant believed that the $4,000 was drug proceeds, but it was in fact government money.

On or about October 8, 2010, defendant **Francisco J. Jimenez, Jr.** met with co-defendant Miguel Arvizu and gave him a portion of the $4,000 that defendant **Jimenez** had stolen from vehicle during the traffic stop earlier that day

On or about November 24, 2010, co-defendant Miguel Arvizu arranged for defendant **Francisco J. Jimenez, Jr.** to provide "security" at or near a storage facility in Green Valley, Arizona.

On or about November 24, 2010, defendant **Francisco J. Jimenez, Jr.** drove his patrol car near the storage facility in Green Valley, Arizona, to provide "security." While the defendant was providing "security," co-defendants broke into the storage unit to steal controlled substances and drug proceeds.

6/25/12
Date

Francisco J. Jimenez, Jr.
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P.

6/25/12
Date

George Soltero
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

6/25/12
Date

Eric Markovich
Assistant U.S. Attorney